## (March 16, 1967)

■ In the Matter of CHARLES E. RICE, Appellant, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, and ALFRED E. SANTANGELO et al., Respondents.— Order, entered March 3, 1967, unanimously modified, on the law, to the extent of substituting in lieu of subdivision (a) of the third decretal paragraph the following: " the final canvass of any election district wherein it is alleged that the voting machine figures were incorrectly copied or totaled." As so modified, the order is affirmed, without costs and without disbursements. Subdivision 5 of section 330 of the Election Law provides for summary jurisdiction of the canvassing of returns. In part, it reads as follows: " The supreme court is vested with jurisdiction to summarily determine any question of law or fact arising as to any of the subjects set forth in this section, which shall be construed liberally * * * 5. The canvass of returns by the state or a county or a city board of canvassers * * * and the court or justice may direct a recanvass or the correction of an error or the performance of any duty imposed by law on such a state, county, city or town board ". Thereunder the court may direct a recanvass. There is no requirement of a protest. Subdivision 2 of section 274 states in substance that if upon such recanvass it shall be found that the original canvass of the return has been incorrectly made, the board is required to make a statement in writing and file same, and the Supreme Court may direct the correction of an error or the per-

formance of any duty imposed by law on the board. Under this section it has been held in *Matter of O'Shaughnessy* v. *Monroe County Bd. of Elections* (15 A D 2d 183, 188): "The raising of an objection to the validity of a ballot at the time of the original canvass on Election Day is not essential in order to allow the Board of Elections to hold the ballot to be void upon the recanvass under section 274." The Board of Elections is thus under the statutory duty to correct errors in transcription or addition of the totals of voting machines. (Election Law, § 274.) See, also, section 279, which states in substance that a court of competent jurisdiction may order the reconvening of the board for the purpose of correcting an error, and that reconvening shall be deemed a continuance of the regular session. Further, we note petitioner challenged the alleged incorrect additions prior to the entry of the order herein, as evidenced by the memorandum of Special Term, dated March 3, 1967, and we are mandated to take steps to require that the certificate from the Board of Elections "reflect an accurate tally of the votes cast". (*Matter of Rice* v. *Power*, 19 N Y 2d 106.) Concur — Stevens, J. P., McNally, McGivern and Witmer, JJ.